UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHERRY LANE, LLC | Case No.: 10-CV-02914-LHK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| LEONILA PONO and MERELO PONO; and DOES 1 to 20, | |
| Defendants. | |

Defendants Leonila Pono and Merelo Pono removed this action for unlawful detainer from the Superior Court of Santa Clara County on July 1, 2010. However, the Public Access Case Information Site for the Santa Clara Superior Court indicates that this action was resolved in the Superior Court on June 17, 2010. Therefore, it appears that there is no case or controversy, and the case must be dismissed as moot.

Additionally, if a case or controversy still exists, it appears that the Court lacks subject matter jurisdiction over the removed action. Although Plaintiff has not moved to remand, this Court has a continuing obligation to raise issues of subject matter jurisdiction whenever it appears that jurisdiction may be lacking. Fed. R. Civ. Pro. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If a court lacks subject matter jurisdiction over a removed action, that

1

action must be remanded. 28 U.S.C. § 1447(c). Defendants bear the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

In the notice of removal, Defendants assert that grounds for removal exist because their principal claim for relief arises under federal law. However, a defendant may remove a case to federal court only if "the *plaintiff*'s complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). It is well-settled that a case may not be removed to federal court on the basis of a federal defense. *Id.* at 14. Rather, "the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque*, 582 F.3d at 1086 (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974)). Because Plaintiff's complaint for unlawful detainer raises no federal claims, there appears to be no basis for removal and no subject matter jurisdiction in this Court.

IT IS HEREBY ORDERED that Defendants shall show cause why this action should not be 1) dismissed as moot, or 2) remanded to state court. Defendants shall file a written response not to exceed 5 pages no later than 2 p.m. on August 30, 2010. Plaintiff may also file a submission addressing the issues by the same date.

**IT IS SO ORDERED.**

Dated: August 16, 2010

_____
LUCY H. KOH
United States District Judge